Tagged Opinion



**ORDERED in the Southern District of Florida on September 06, 2007.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                    CASE NO.  07-12303-BKC-LMI

SHAZARD MOHAMMED and CONNIE              Chapter 7
MOHAMMED,

      Debtors.
_____/

## ORDER OVERRULING TRUSTEE'S
## OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

This matter came before the Court on August 20, 2007, on the Trustee's Objection to Debtors' Claimed Exemption and Motion to Compel Turnover (CP #56) (the "Trustee's Objection") and the Debtors' Verified Response to Trustee's Objection to Debtors' Claimed Exemption and Motion to Compel Turnover (CP #60) (the "Debtors' Response").  The Trustee challenges the Debtors' entitlement to a homestead exemption on an undeveloped lot, which is adjacent to a second lot that is undisputedly the Debtors' homestead.  Because the Debtors have a right to claim the homestead exemption with respect to the entire property, the Trustee's objection is overruled.

CASE NO. 07-12303-BKC-LMI

**FACTUAL AND PROCEDURAL BACKGROUND**

Debtors are the owners of two adjacent lots located in unincorporated Miami-Dade County. Lot 7, having a street address of 17953 S.W. 114th Avenue, Miami, Florida, has a home built on it, which is undisputedly the Debtors' homestead. Lot 6 is behind and adjacent to Lot 7, and has a street address of 17952 S.W. 113th Court, Miami, Florida. As illustrated below, Lot 6 and approximately half of Lot 7 are surrounded by a single fence and are not divided from each other. The two lots are corner lots – three sides of the property are on streets; only one side borders another property. When combined, the two lots clearly make up less then 160 acres, and it is undisputed they appear to take up less than one-half acre.[1]



The Debtors argue Lot 6 is, and always has been, their backyard. The Trustee argues that Lot 6 is merely a vacant lot, full of weeds and some old chairs, and, due to its unkempt nature, is not part of the Debtors' residence.

---

[1] Initially there was confusion whether the lots are located in a municipality or in unincorporated Miami-Dade County. At the hearing the Debtors suggested, with no objection from the Trustee, that the lots are located in unincorporated Miami-Dade County.

Debtor, Shazard Mohammed ("Mr. Mohammed"), purchased Lot 7 from a developer on November 6, 1997. Mr. Mohammed purchased Lot 6 from the same developer in January 1998. Mr. Mohammed testified he was not able to purchase the lots at the same time for financing reasons. Consequently, the lots were financed separately. Notwithstanding the separate purchase of the two lots, Mr. Mohammed testified it was always his intention to own the two lots together. According to Mr. Mohammed, he has always considered Lot 6 to be his back yard.

In February 2003, Mr. Mohammed conveyed Lot 6 to Connie Hudgins Hayes ("Ms. Hayes"), his current wife and then live-in girlfriend. The Warranty Deed evidencing the conveyance from Mr. Mohammed to Ms. Hayes specifically states that the property was "Not a Homestead Property."[2] After Ms. Hayes married the Debtor, Ms. Hayes (n/k/a "Mrs. Mohammed") conveyed Lot 6 to herself and the Debtor.

The Debtors petitioned for chapter 7 bankruptcy relief on March 31, 2007. Marcia T. Dunn (the "Trustee") was thereafter appointed chapter 7 Trustee. The Debtors' bankruptcy schedules list both Lot 6 and Lot 7 as the property located at 17953 S.W. 114th Avenue, Miami, Florida, and as exempt homestead property pursuant to Article X, Section 4 of the Florida Constitution. This Court's Order of Discharge was entered on July 6, 2007. On August 3, 2007, the Trustee filed her Objection to the Debtors' claimed exemption regarding Lot 6. The Debtors' Response was filed on August 8, 2007. A hearing on the matter was conducted on August 20, 2007, during which the Court considered testimony and evidence presented by the Trustee and the Debtors.

---

[2] The deed also identified Mr. Mohammed as a married man. Mr. Mohammed testified he had been previously married, and that during that previous marriage he and his prior wife lived in the home currently occupied by the Debtors.

## JURISDICTION

This Court has jurisdiction of this matter under 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

### A. FLORIDA HOMESTEAD LAW

The Florida Constitution provides in pertinent part:

> (a) There shall be exempt from forced sale . . . the following property owned by a natural person:
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family

Fla. Const. Art. X, § 4(a)(1).

This Court has recently noted Florida's constitutional and statutory provisions regarding homestead property "should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home." *In re Ensenat,* No. 06-15979-BKC-LMI, 2007 WL 2029332, at *1 (Bankr. S.D. Fla. May 24, 2007) (quoting *White v. Posick,* 150 So. 2d 263, 265 (Fla. 2d DCA 1963)).

Florida law looks at two criteria to determine whether a home, contiguous land, and improvements are entitled to the Florida constitutional homestead protections – (1) how much property is involved, and (2) for what purpose is the property being used. In *In re Dudeney,* 159 B.R. 1003 (Bankr. S.D. Fla. 1993), following the cases of *Quigly v. Kennedy & Ely Insurance, Inc.*, 207 So. 2d 431 (Fla. 1968) and *White v. Posick*, 150 So. 2d 263, Judge Mark considered the exact issue before the Court in this case: whether a debtor may claim an undeveloped lot adjacent to his residential lot as part of his exempt

homestead. In the *Dudeney* case, Judge Mark held that where a debtor owns two contiguous lots meeting the constitutional area limitations, one used for residential purposes and the other vacant, the debtor will be entitled to declare both lots exempt unless there is evidence that the separate lot is being used for a business purpose. *Id.* at 1006. "The only explicit limitation in the Florida Constitution is an acreage limitation. There is and should not be an additional limitation based on the number of lots. The relevant focus is the use of the property." *Id.*

In the *Dudeney* case, as in this case, the vacant lot was acquired in a separate transaction, was assessed separately for tax purposes, and was not granted homestead status for purposes of property taxes. Unlike the vacant lot in the *Dudeney* case, Lot 6 has fruit trees, a gazebo, a storage shed, a dog house, chairs, and a well and a pump that service both lots.

## B.  THE TRUSTEE HAS NOT MET HER BURDEN OF PROOF

The Trustee bears the burden of proving, by a preponderance of evidence, that the claim of exemption is invalid. Fed. R. Bankr. P. 4003(c); *In re Holt,* 357 B.R. 917 (Bankr. M.D. Ga. 2006); *In re Yettaw,* 316 B.R. 560 (Bankr. M.D. Fla. 2004). The Trustee has not met her burden.

The Trustee relies on the following facts in the alternative or cumulatively to support her objections –

- Mr. Mohammed's deed to Ms. Hayes of Lot 6 stated the property was not homestead property, and when Ms. Hayes conveyed Lot 6 to them both, it was by quitclaim deed – accordingly, the Trustee argues, Lot 6 maintained its non-homestead status. Moreover, by "splitting" the lots, Mr. Mohammed did not view Lot 6 as part of his home.

- When Congress enacted BAPCPA it made clear its intent to rein in any liberal homestead laws.

CASE NO. 07-12303-BKC-LMI

- The Debtors only refinanced Lot 7 when they refinanced their "home" so clearly Lot 6 isn't considered part of their home.

- Lot 6 is unkempt, a jungle, it looks like it is just used to store junk, and therefore is not being used as a backyard.

The Trustee provided no support for her argument that because Mr. Mohammed transferred Lot 6 to Ms. Hayes prior to their marriage as "Not a Homestead Property," the Debtors are somehow estopped from now claiming a homestead interest in the property. The Court rejects this argument.[3] "Bankruptcy exemptions are determined by application of law to facts as the law and facts exist at filing of the petition, not earlier or later." *In re Estad*, 295 B.R. 905, 907 (Bankr. D. Minn. 2003); *see also*, *In re Wechsler*, No. 05-19588, slip op. at 5 (Bankr. S.D.Fla. Apr. 12, 2006). The petition date is the only relevant time period for determining the Debtors' entitlement to homestead exemption. How the property was used prior to the conveyance has no bearing on whether the Debtors are entitled to claim an exemption in the property based on their use of the property post-conveyance. While Mr. Mohammed may be estopped from claiming Lot 6 was homestead property at the time it was conveyed to Ms. Hayes, the issue before this Court is whether the Debtors could claim Lot 6 as part of their homestead on the petition date.

The Trustee's argument that Congress' intent to limit debtors' homestead exemption claims is clear from the 2005 revisions to the Bankruptcy Code is equally irrelevant to this analysis. Congress identified the manner in which state homestead rights should be limited in 11 U.S.C. §§ 522(o), (p) and (q). The limitations on the

---

[3] The Court also rejects the Debtors' argument that the deed language indicating that the property is "Not a Homestead Property" was required for tax exemption purposes and is not relevant to the issue before the Court. However this argument has no bearing on this ruling.

homestead exemption pursuant to BAPCPA[4] and the addition of sections 522(o), (p), and (q) were neither plead nor implicated in this case, and no other provision of BAPCPA purports to otherwise limit Florida's interpretation of its own homestead exemption.  The Trustee's other arguments are equally unpersuasive, and are contrary to Florida law as discussed above and in the *Dudeney* case.

There is no evidence that Lot 6 is being used for business purposes.  Indeed, the Trustee conceded she has no idea what Lot 6 is being used for.  Mr. Mohammed's uncontroverted testimony is that Lot 6 is used as the backyard to the home located on Lot 7 – for the family's recreational activities and for their dogs.  Mr. Mohammed testified that he planted and maintains various fruit trees on property.  Mr. Mohammed further testified that he designed the landscape of Lot 6 and personally installed the irrigation system that services both lots.  The Trustee's testimony that her impression of images of Lot 6 is that it is unkempt and resembles a jungle is insufficient to satisfy the Trustee's evidentiary burden of proof.

### **CONCLUSION**

Based on the evidence and applicable Florida law, the Court finds that the Debtors are entitled to claim the entire property, including Lot 6, as exempt pursuant to Fla. Const. Art. X, § 4(a)(1).  Accordingly, it is

ORDERED AND ADJUDGED that the Trustee's Objection is overruled.

###

Copy to:
*D. Jean Ryan, Esq.*

*Attorney Ryan shall serve a conformed copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*

---

[4] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.